IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-150-D

| | | |
|---|---|---|
| WAKE PLUMBING AND PIPING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MCSHANE MECHANICAL | ) | |
| CONTRACTING, INC., and | ) | |
| TRAVELERS CASUALTY AND | ) | |
| SURETY COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

Wake Plumbing and Piping, Inc., sued McShane Mechanical Contracting, Inc., ("MMCI") and Travelers Casualty and Surety Company of America (collectively "defendants") in Wake County Superior Court for breach of contract and enforcement of payment bond, and defendants removed the case to this court. Defendants now seek to enforce the forum selection clause in a contract between MMCI and Wake Plumbing and Piping, Inc., and ask the court to dismiss the action for improper venue. See Fed. R. Civ. P. 12(b)(3). Under the forum selection clause, Wake Plumbing and Piping, Inc., and MMCI "agree[d] that any action commenced to enforce any rights or obligations under this Subcontract shall be commenced only in the state or federal court in Michigan." [D.E. 16-1] at 7. MMCI is headquartered in Oakland County, Michigan, which is in the Eastern District of Michigan. See 28 U.S.C. § 102(a)(1).

The forum selection clause is valid and enforceable, and applying it is reasonable. See, e.g., Albemarle Corp. v. Astra Zeneca UK Ltd., 628 F.3d 643, 646, 649–52 (4th Cir. 2010); Baker v. Adidas Am., Inc., 335 F. Appx. 356, 358, 360–61 (4th Cir. 2009) (per curiam) (unpublished); Greenberg v. Giannini, 140 F.2d 550, 553 (2d Cir. 1944); Allegiance Capital Corp. v. Great

Canadian Gaming Corp., No. Civ. A.3-03-CV-751-R, 2004 WL 2203256, at *2–3 (N.D. Tex. Sep. 30, 2004) (unpublished). The court has discretion whether to dismiss the action for improper venue (as MMCI requests) or to transfer the action to the United States District Court for the Eastern District of Michigan. See, e.g., 28 U.S.C. §§ 1404(a), 1406(a); Porter v. Groat, 840 F.2d 255, 258 (4th Cir. 1988); Jenkins v. Albuquerque Lonestar Freightliners, LLC., 464 F. Supp. 2d 491, 493–95 (E.D.N.C. 2006). In the interest of justice, the court transfers the action to the United States District Court for the Eastern District of Michigan, Southern Division. See 28 U.S.C. § 102(a)(1). Thus, defendants' motion to dismiss [D.E. 15] is DENIED, but the action is TRANSFERRED to the United States District Court for the Eastern District of Michigan, Southern Division.

SO ORDERED. This 21 day of June 2012.

JAMES C. DEVER III
Chief United States District Judge

2