UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAKE PLUMBING AND PIPING, INC.,

    Plaintiff,

v.                                                Case No. 12-12734
                                                    Honorable Victoria A. Roberts

MCSHANE MECHANICAL
CONTRACTING, INC., ET AL,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

**I. Introduction**

This matter is before the Court on Defendants' Amended Motion to Dismiss The First Amended Complaint Under Rule 12(B)(6). (Doc. 20). The motion is fully briefed.

Defendant's motion is **DENIED**.

**II. Background**

This case involves a construction project dispute. Plaintiff and Defendant McShane Mechanical Contracting, Inc. were subcontracted to perform construction work in a school in Fort Bragg, North Carolina. Defendant Travelers Casualty and Surety Company of America ("Travelers") is McShane's surety. In essence, Plaintiff claims that it performed certain work for McShane for which McShane has not fully paid.

At issue is what constituted the actual agreement between the parties. Defendants say it is a purchase order. Plaintiff says it is more than that, and that the

1

material terms of the entire agreement are set forth through a series of transactions that occurred before and after the purchase order was signed. The scope and terms of whatever contract exists between the parties are in dispute.

Plaintiff sued for breach of contract and enforcement of payment bond in Wake County Superior Court. Under diversity jurisdiction, Defendants removed the case to the United States District Court for the Eastern District of North Carolina, which transferred the case to this Court pursuant to a forum selection clause in an agreement between the parties. (Doc. 4).

With the Court's permission, Plaintiff filed an amended complaint on August 22, 2012, (Doc. 16), which includes four counts: (1) breach of contract; (2) promissory estoppel; (3) unjust enrichment; and (4) enforcement of payment of a bond.

On September 21, 2012, Defendants filed this motion to dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 20).

### III.  Standard of Review

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if "it fails to give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). When reviewing a Rule 12(b)(6) motion to dismiss, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994). To survive a motion to dismiss, a complaint must allege

enough facts that, if true, show the claim for relief "is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)**.** Because a motion to dismiss rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

**IV.     Analysis**

The crux of Defendants' argument is that Plaintiff's claims fail as a matter of law because it cannot recover damages on an implied contract theory when an express written contract exists between the parties. Plaintiff argues that it does not rely on an implied contract theory in count one. Plaintiff says it has alleged a claim for breach of an express contract and that the parties' course of conduct dictates its terms.

In the context of a Rule 12(b)(6) motion, Plaintiff need only plead facially plausible claims to survive dismissal, and the Court construes all well-pleaded facts liberally in Plaintiff's favor. Taken as true and viewed in the light most favorable to Plaintiff, the allegations in count one set forth the existence of an agreement between the parties and Defendants' violation of its terms. This is sufficient to support a breach of contract claim.

Defendants also say Plaintiff cannot bring claims for unjust enrichment and promissory estoppel when the existence of an express contract is not disputed.

The elements of an unjust enrichment claim under Michigan law are "(1) the

receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by the defendant." *Sweet Air Inv., Inc. V. Kenney*, 275 Mich. App. 492, 504 (2007). Michigan courts hold that the existence of an express contract bars a quantum meruit claim based on the same subject matter. *Devon Indus. Group, LLC v. Demrex Indus. Services, Inc.*, 11-10313, 2012 WL 4839013 at *4 (E.D. Mich. Oct. 11, 2012) (internal quotation marks omitted).

Federal Rule of Civil Procedure 8(d)(2) provides that "[a] party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." *Id.* Accordingly, Plaintiff may plead in the alternative because alternative pleading of unjust enrichment is appropriate when there are questions of fact regarding a contract's terms and its coverage. *See id.* at 4-5; *Abjuba Intern., LLC v. Saharia*, No. 11–12936, 2012 WL 1672713 at *17 (E.D. Mich. May 14, 2012). Accordingly, Defendants' argument for dismissal is premature at this pleading stage. *See Ajuba Int'l, L.L.C. v. Saharia,* 871 F. Supp. 2d 671 (E.D. Mich. 2012) (rejecting a conclusion that the plaintiffs could not plead an unjust enrichment claim in the alternative because it was unclear which contract covered the same subject matter of the unjust enrichment claims). Plaintiff's allegations support a facially plausible claim for unjust enrichment.

Promissory estoppel is established when: "(1) there is a promise (2) that the promisor should have reasonably expected to induce action (3) which in fact produces reliance or forbearance (4) under circumstances such that the promise must be enforced if injustice is to be avoided." *Id.* (citing *Barber v. SMH, Inc.*, 202 Mich. App.

366, 375-76 (1993)). Defendants argue that a claim for promissory estoppel is invalid when there is an express agreement between the parties, even when they dispute its terms and scope. They direct the Court to *Advanced Plastics Corp. v. White Consol. Indus., Inc.*, 828 F. Supp. 484, 491 (E.D. Mich. 1993) *aff'd*, 47 F.3d 1167 (6th Cir. 1995).

At this stage, Plaintiff's claim for breach of contract in count one will not be construed as an admission against another alternative or inconsistent pleading in the same case. *Siegel-Robert, Inc. v. Mayco Int'l, LLC*, 07-13191, 2007 WL 3173365 (E.D. Mich. Oct. 29, 2007) (citing *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985)). Although Plaintiff will not be able to recover damages on both its contract and quasi-contractual theories, Plaintiff may allege a promissory estoppel claim in the alternative to a breach of contract claim under Rule 8(d). *See Siegel-Robert, Inc. v. Mayco Int'l, LLC*, 07-13191, 2007 WL 3173365 (E.D. Mich. Oct. 29, 2007) (citing *Morris Pump v. Centerline Piping, Inc.*, 273 Mich. App. 187, 194 (2006)); *see also Burbick v. Premier Steel, L.L.C.*, 08-13406, 2008 WL 4756405 at *4 (E.D. Mich. Oct. 23, 2008) (denying dismissal of the plaintiff's promissory estoppel claim because the plaintiff did not allege that the express contract in count one was legally enforceable and the Court could not determine its validity under a Rule 12(b)(6) motion). Plaintiff's allegations support a facially plausible claim for promissory estoppel.

Defendants argue that Plaintiff's claim against Defendant Travelers should be dismissed for the same reasons as Plaintiff's claims against Defendant McShane, given that a surety has the same defenses as the principal. The Court need not reach the merits of this argument. Even assuming that Defendants' argument has merit, the Court

is not persuaded that the claims against Defendant McShane should be dismissed.

## V. Conclusion

For the foregoing reasons, Plaintiff's claims in the First Amended Complaint are facially plausible and will not be dismissed. Defendant's motion is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 18, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 18, 2012.

S/Linda Vertriest
Deputy Clerk