UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAKE PLUMBING AND PIPING, INC.,

       Plaintiff,                      CASE NO: 12-12734
                                            HONORABLE VICTORIA A. ROBERTS

v.

MCSHANE MECHANICAL CONTRACTING INC.,
       Defendant,
and

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA

       Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

**I.    Introduction**

This matter arises from a contract dispute that took place during the construction of a school in North Carolina. On July 29, 2014, this Court entered an Order denying McShane's Motion for Partial Summary Judgment. The Court held: (1) whether an express contract for the Aboveground Work exists is a question of fact for the jury; (2) the 73 subcontract is not an express contract between the parties because Wake objected to it by email on July 18, 2011; (3) claims for promissory estoppel and unjust enrichment are not dismissed as a matter of law; and (4) McShane may depose attorney Berlin and obtain documentation related to certified payroll records.

Before the Court is Defendant McShane's Motion for Clarification or, alternatively, Motion for Reconsideration (Doc. #63). McShane says (1) the Court's

statement that the 73 subcontract is not an express contract was dicta and the Court mistakenly rejects McShane's counterclaim; and (2) there is a genuine issue of fact as to whether Wake accepted the 73 subcontract.

McShane's Motion for Clarification or, Alternatively, for Reconsideration is **DENIED**.

A court may grant a motion for reconsideration if it is demonstrated that a palpable defect misled the Court in its ruling, correction of which would result in a different disposition. E.D. Mich. LR 7.1(h)(3).

"It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.* Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). A party may not introduce evidence for the first time in a motion for reconsideration if that evidence could have been presented earlier. *Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 2012 WL 6013771 (6th Cir. Dec. 4, 2012).

McShane says whether the 73 subcontract is an express contract was not fully briefed and was not subject to the motion for summary judgment.

The Court disagrees. In deciding McShane's request to dismiss Wake's quasi-contract claims, the Court first had to decide whether a contract existed between the parties. It did so.

McShane says the Court's finding regarding the 73 subcontract was based on an incomplete record and there are genuine issues of fact because of: (1) a signed partial waiver; (2) sworn statement not previously before the Court; and (3) a July 14, 2011 email.  McShane also says it is possible Wake accepted the 73 subcontract by performance because Wake began work after the subcontract was received.

These assertions raise arguments and present documentation not previously before the Court.  This is inappropriate in a motion for reconsideration.   McShane falls to alert the Court to a significant error which changes the outcome of the case.

McShane requests the Court to award costs because Wake unreasonably withheld consent to this Motion.  In its discretion, the Court concludes that such an award is not warranted; McShane's request is denied.

## II.   Conclusion

McShane's Motion for Clarification or, Alternatively, for Reconsideration is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 29, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 29, 2014.

s/Linda Vertriest
Deputy Clerk

3